UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN JONASSEN,

                                    Plaintiff,

                    -against-

UNITED STATES, et al,

                                    Defendants.

BAR ORDER UNDER
28 U.S.C. § 1915(g)

25-CV-5257 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff filed this action *pro* se, seeking to proceed *in forma pauperis* (IFP). By order dated April 14, 2026, the Court (1) noted that Plaintiff had filed three or more actions as a prisoner that, before bringing this action, had been dismissed as frivolous, malicious, or for failure to state a claim, and (2) ordered Plaintiff, within thirty days, to show cause by declaration why the Court should not find that he is barred, under 28 U.S.C. § 1915(g), from filing further IFP actions while he remains a prisoner. The Court received Plaintiff's response on May 13, 2026, (ECF No. 29,) but it does not provide any reason not to conclude that he has accrued three strikes under § 1915(g).[1] Accordingly, the Court holds that Plaintiff is barred under § 1915(g) from bringing any further actions IFP while he is incarcerated.

A prisoner who is barred under Section 1915(g), can still proceed without prepaying the filing fee if he is under imminent danger of serious physical injury at the time of filing his complaint. *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (holding that an imminent danger must be "existing at the time the complaint is filed"). A danger "that has dissipated by the time a complaint is filed" is insufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

---

[1] Plaintiff's response also renews his request for a stay of this action, (*see* ECF 3,) and seeks "class certification" and appointment of counsel. (ECF 29.)

Moreover, a plaintiff must also show that there is "a nexus between the imminent danger . . . and the legal claims asserted in his complaint." *Id.* at 297. In other words, "the prisoner's complaint [must] seek to redress an imminent danger of serious physical injury and . . . this danger must be fairly traceable to a violation of law alleged in the complaint." *Id.*; *see also Chavis v. Chappius*, 618 F.3d 162, 171-72 (2d Cir. 2010) (holding that a plaintiff proceeding IFP under the imminent danger exception can assert additional claims that do not have a nexus to the danger).

Plaintiff argues that this case falls within the imminent danger exception. Plaintiff seeks damages on the ground that the chaplain at FCI Otisville and Bureau of Prisons (BOP) staff repeatedly denied him Passover meals and religious observances.[2] Plaintiff was at FCI Otisville when he filed the complaint, and he brings claims that arose at FCI Otisville. Plaintiff's letter response, however, does not focus on his experiences at FCI Otisville. Rather, Plaintiff's letter response discusses dangers that arose at FCI Forrest City in Arkansas, a different facility where he was recently transferred.[3] The dangers at FCI Forrest City that Plaintiff now seeks to redress were not present when he filed his complaint and appear to be unrelated to his claims in this action.[4] Plaintiff therefore does not allege facts showing that he should be permitted to proceed IFP in this action under the imminent danger exception.

---

[2] Although this action was originally styled as a petition for a writ of *habeas corpus*, Plaintiff asserts claims for damages under the Federal Tort Claims Act, the Religious Freedom Restoration Act, and the Religious Land Use and Institutionalized Persons Act. The Court thus held that this action was subject to the filing fees for a civil non-*habeas* action. (*See* ECF No. 9.)

[3] At FCI Forest City, Plaintiff claims he is forced to sleep on the floor and that his neck, elbow, and ankle have "been stepped on /injured." (ECF No. 29, at 1.)

[4] Nothing in this order prevents Plaintiff from bringing a new action in Arkansas regarding his claims at FCI Forrest City and making his arguments why he should be permitted to proceed IFP in such an action.

2

## CONCLUSION

Plaintiff is barred under § 1915(g) from bringing an action IFP while a prisoner and he has not alleged facts showing that he should be permitted to proceed IFP in this action under the imminent danger exception. The Court therefore denies Plaintiff's request to proceed IFP and dismisses the complaint without prejudice under the PLRA's "three-strikes" rule.[5] *See* 28 U.S.C. § 1915(g). The Clerk of Court is directed to terminate all pending motions and enter judgment dismissing this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 14, 2026
          New York, New York

_____
GEORGE B. DANIELS
United States District Judge

---

[5] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).