UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN JONASSEN,<br><br>Plaintiff,<br><br>-against-<br><br>U.S., et al.,<br><br>Defendants. | ORDER<br><br>25-CV-5257 (GBD) |

GEORGE B. DANIELS, United States District Judge:

By order dated April 14, 2026, Plaintiff was ordered to show cause why the Court should not find that he is barred, under 28 U.S.C. § 1915(g), from proceeding *in forma pauperis* ("IFP"). On May 13, 2026, the Court received Plaintiff's letter arguing that he was at imminent risk of harm, and therefore should be permitted to proceed IFP with this action. (ECF No. 29.) Plaintiff then filed a notice of appeal, (ECF No. 32,) from the order to show cause, which was a non-final order.[1] On May 18, 2026, the Court held that Plaintiff had not shown any reason why the Court should not find that he was barred under Section 1915(g), denied IFP, dismissed the complaint without prejudice, and entered judgment. (*See* ECF No. 30.) Also on May 18, 2026, the Court received Plaintiff's notice of a change of address, which was entered on the docket two days later, on May 20, 2026.

Several months later, on August 5, 2026, Plaintiff filed a motion for a stay "until further notice."[2] (ECF No. 35.)

---

[1] The interlocutory notice of appeal from the non-final order was not docketed until May 19, 2026, after the Court entered judgment.

[2] Because this action was dismissed in the district court, there is no basis for a stay, and the Court denies the motion. (ECF No. 35.)

On October 2, 2026, the Court of Appeals issued an order (1) stating that Jonassen had incorrectly filed his motion seeking an extension of time to appeal the final judgment in the appellate court and directing that the motion be transferred to the district court; and (2) directing the district court to consider the motion as also seeking to reopen the time to appeal under Fed. R. App. P. 4(a)(6) ("Rule 4(a)(6)"). (ECF No. 36.) The Court construes Plaintiff's motion, (ECF No. 37,) as a motion under Fed. R. App. P. 4(a)(6) to reopen the time to appeal and grants the motion for the reasons set forth below.

## I. DISCUSSION

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides the following:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Plaintiff alleges that he did not receive a copy of the May 18, 2026, order of dismissal and civil judgment in this action until July 28, 2026.

First, the Court concludes that Plaintiff did not receive the order of dismissal or notice of entry of judgment within 21 days after entry. Fed. R. App. P. 4(a)(6)(A). Plaintiff's notice of change of address was received on the same day that the order of dismissal entered, and the notice of change of address was entered on the docket two days later; the Court's mailing receipt shows that the order of dismissal was sent to Plaintiff's original address at FCI Otisville, and not to his

new address at FCC Forrest City, Arizona. The Court therefore credits Plaintiff's statements that he received the May 18, 2026, order of dismissal and civil judgment on July 28, 2026, more than 21 days after entry of judgment. Fed. R. App. P. 4(a)(6)(A).

Plaintiff also succeeds in showing that the requirements of Rule 4(a)(6)(B) are satisfied. Plaintiff's motion to reopen the time to appeal was stamped received in the Court of Appeals on August 3, 2026. Because Plaintiff is incarcerated, the Court deems the motion filed as of the date it was signed, July 28, 2026. *See Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001); *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."). The motion was therefore filed well within the 180-day deadline, measured from the date of entry of judgment on May 18, 2026, and within 14 days of the date that Plaintiff received notice.

Finally, Defendants have not been served or appeared in this action, and therefore there is no reason to believe that they would be prejudiced by the Court's granting the motion to reopen. The requirements of Rule 4(a)(6)(C) are also satisfied.

## II. CONCLUSION

The Court construes Plaintiff's motion (ECF 37) as a motion, under Fed. R. App. P. 4(a)(6), to reopen the time to appeal and grants the motion. The Court reopens the time to appeal for a period of 14 days from the date of this order.

Plaintiff's motion for a stay is denied (ECF 35), and the Clerk of Court is directed to terminate the motion.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 8, 2026
New York, New York

George B. Daniels

GEORGE B. DANIELS
United States District Judge